**UNITED STATES of America,**
**Plaintiff,**

v.

**Robert Jennings CRAWFORD,**
**Defendant.**

**Crim. A. No. 75–10.**

United States District Court,
W. D. Pennsylvania.

June 19, 1975.

David Curry, Asst. U. S. Atty., for plaintiff.

Samuel J. Reich, Pittsburgh, Pa., for defendant.

OPINION

DUMBAULD, District Judge.

On December 19, 1973, Patrick C. Miller, of the Secret Service, filed a complaint against defendant charging him with forging the endorsement of the owner of a government bond;[1] and on the same day Magistrate Mitchell issued a warrant, pursuant to which defendant was arrested, and a preliminary hearing held before Magistrate Mitchell on January 7, 1974.

It is undisputed that the Government voluntarily elected to proceed by way of complaint, rather than presenting the matter directly to a Grand Jury; and that defendant voluntarily elected to testify in his own behalf at the preliminary

---

1. The complaint also charged "uttering and publishing" the forged endorsement by procuring the redemption of the bond for $53.73 from Mellon Bank. Both charges would be violations of 18 U.S.C. § 495.

hearing. In the course of his testimony he denied ever seeing the bonds or forging the name of the owner, one Iva M. Criswell.

Defendant was held by the Magistrate and indicted at Cr.No. 74–63 on March 7, 1974. There were 20 counts, involving ten bonds. The odd-numbered counts were for forgery; the even for uttering.

After a trial before Judge Knox, the jury on June 28, 1974, discriminatingly found defendant guilty on all the even-numbered counts except the twelfth. On the forgery counts there was a "hung jury."

On October 30, 1974, sentence was imposed on Count 2 (and suspended as to Counts 4, 6, 8, 10, 14, 16, 18, and 20). The sentence of three years and fine of $1000 and costs was suspended, and after serving three months defendant was to be placed on probation for three years. On the nine counts on which defendant was convicted the Court could have imposed a total sentence of 90 years imprisonment.

Before sentence, Government counsel in a letter to Judge Knox dated October 29, 1974, transmitted a transcript of the hearing before Magistrate Mitchell, and called attention to defendant's denials, and to the fact that testimony at the trial showed defendant's fingerprints on five of the bonds, and that the forged endorsements were in his handwriting.

Instead of proceeding to retry defendant on the odd-numbered counts on which no verdict had been had, the Government indicted defendant on January 10, 1975, at Cr.No. 75–10, charging violation of 18 U.S.C. § 1623 (the "new perjury" statute, which in section (e) dispenses with the former two-witness requirement). This penalizes making, under oath in a proceeding "ancillary" to a federal court or grand jury, "any false material declaration."

At the trial of the instant cause on May 1 and 2, 1975, Magistrate Mitchell testified, and played a recording of the proceedings at the preliminary hearing. Agent Miller admitted visiting defendant at the jail on January 11, 1974, to attempt to gain cooperation in implicating other participants in the stolen bond ring, but failed in this attempt. A handwriting expert confidently expressed the opinion that the forged signatures were in defendant's handwriting, and the Court would agree with this conclusion. Apparently there were over 100 other forged signatures to be used for comparison, in addition to the 10 bonds counted upon in No. 74–63.

What conclusion follows from the foregoing facts? Magistrate Mitchell testified that the evidence was sufficient to require holding Crawford in any event on the "uttering" charge. Since both offenses are in the same statute, the Magistrate would have held the defendant even if he had believed defendant's denials as to the forgery of Mrs. Criswell's name. Hence the defendant's false declarations were not "material" in the sense of affecting the results of the hearing.

Accordingly, jury trial being waived, the Court, in lieu of the jury, finds defendant not guilty.

It may be added that judicial economy is not served by prosecutions such as that in the case at bar. The Government should have been able to get its full pound of flesh in one bite in the trial before Judge Knox. The convictions there would have warranted a sentence of 90 years, as noted previously; but Judge Knox considered three months in jail adequate retribution for the defendant's offense. It is difficult to escape the conclusion that the Government is harassing the defendant because of his failure to cooperate, and that its course of action constitutes actual, though perhaps not legal, double jeopardy, and an attempt to increase the sentence which Judge Knox regarded as appropriate.

This opinion shall be deemed to constitute the Court's findings of fact and conclusions of law.